```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

<u>IN RE: DAVID FRANKLIN SCHEK</u>       :

DAVID FRANKLIN SCHEK                :

    Appellant                       :

    v.                              :  Civil Action No. DKC 2008-2224

                                                         :

NGM INSURANCE COMPANY               :

    Appellee                        :

**MEMORANDUM OPINION**

Appellant David Franklin Schek challenges the order of the U.S. Bankruptcy Court for the District of Maryland granting partial summary judgment in favor of Appellee NGM Insurance Company. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed.R.Bankr.P. 8012. For the reasons that follow, the bankruptcy court's order will be affirmed.

**I. Background**

The following facts are undisputed unless noted. On September 8, 2003, the Montgomery County Office of Aging and Disability ("Office of Aging") filed a petition with the Circuit court for Montgomery County to appoint a temporary guardian of the property of Joseph Schek, Appellant's father. Based on evaluations from a psychiatrist and doctor, the Office of Aging determined that Joseph

Schek, who was 84 years old at the time, was unable to manage his property and affairs due to his physical and mental disability. On February 3, 2004, Appellant was appointed as the guardian of his father's property. In connection with his appointment, Appellant obtained a guardian bond of $675,000. A guardian bond is required by statute to ensure that the guardian faithfully performs his or her duties.

On March 30, 2004, Appellant filed a verified inventory of his father's assets. At the time, the guardianship estate totaled $664,755.46, comprised of cash and cash equivalents. On June 6, 2005, Appellant filed an annual fiduciary report for the period February 3, 2004 to February 3, 2005. According to the report, Joseph Schek's estate had a beginning value of $703,212.79 and an end value of $256,600.79.

On July 19, 2005, the Trust Clerk for the circuit court filed a report analyzing Appellant's fiduciary report. The Trust Clerk expressed concerns with Appellant's accounting, including gifts that had not been authorized by the court and insufficient documentation of certain transactions. Specifically, the Trust Clerk disputed gifts totaling $107,939.23, of which $102,439.04 Appellant had paid to himself. The Trust Clerk noted that these gifts had not been authorized by the court pursuant to Md. Code Est. & Trusts § 13-203(c)(2)(i), and that these gifts were

significant in that they comprised 40% of the total valuation of the ending assets reported.

On October 11, 2005, the Director of the Montgomery County Department of Health and Human Services filed an Emergency Petition for the Removal of Appellant as the guardian of his father's property. The Department's petition submitted that Appellant had told numerous individuals that he was "out of money," and that his father had no funds left to pay for his personal expenses. Furthermore, Appellant's father had moved into Appellant's home because he no longer had the means to pay for his rent. According to the petition, Appellant had spent the remaining $256,000 of his father's assets in less than one year.

On December 2, 2005, the circuit court removed Appellant as guardian. The court then appointed attorney Robert M. McCarthy as successor guardian, and requested that he investigate and file a report with recommendations to the court regarding the appropriateness of Appellant's disbursements. As part of his investigation, Mr. McCarthy retained the services of Thomas Roche, a C.P.A. Based on Mr. Roche's audit as well as his own analysis, Mr. McCarthy determined that of the $761,478.21 in initial estate assets that Appellant had to account for, only $57,472.03 had been properly accounted for under guardianship accounting standards. Mr. McCarthy concluded that the remaining $704,006.18 constituted an unaccounted for defalcation. He went on to add that even if one

were to give Appellant the full benefit of the doubt with respect to additional documents that Appellant submitted to support his disbursements, this would yield only an additional credit of $253,009.82, leaving a defalcation of $450,996.36.

On March 10, 2006, Appellant, Appellee, and Mr. McCarthy entered into a settlement agreement.  On the same day, Appellant executed a promissory note agreeing to repay Appellee $400,000, as well as additional expenses that Appellee incurred in connection with the bond.

In April of 2007, Appellant and his wife Kathleen Maguire filed a petition for voluntary bankruptcy, seeking to discharge the debt that they owed to Appellee.  Appellee filed a complaint in bankruptcy court, alleging four counts against Appellant: (1) Defalcation by Fiduciary, (2) Embezzlement by Fiduciary, (3) Fraud by Fiduciary, and (4) Statements Concerning Financial Conditions. Upon completion of discovery, Appellee filed a motion for partial summary judgment on Count 1.

At a bankruptcy hearing on July 24, 2008, Bankruptcy Judge Wendelin I. Lipp granted Appellee's motion for partial summary judgment.  Judge Lipp focused on the affidavits of Mr. Roche and Mr. McCarthy and found that both supported a finding that Appellant had misappropriated funds.  Upon such a finding, Judge Lipp pointed out that the burden then shifted to Appellant to demonstrate that he had properly accounted for his father's assets and to come

4

forward with evidence to establish a genuine issue necessitating a trial. Judge Lipp found that Appellant failed to meet this burden, and entered judgment against him in the amount of $400,000 and declared the debt to be non-dischargeable.[1] On September 4, 2008, Appellant appealed to this court.

**II. Standard of Review**

A district court reviews the grant of summary judgment by the bankruptcy court *de novo*, applying the standards of Rule 56 of the Federal Rules of Civil Procedure. A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Emmett v. Johnson*, 532 F.3d 291, 297 (4th Cir. 2008). In other words, if there clearly exists factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See Scott v. Harris*, 127 S.Ct. 1769, 1774

---

[1] Judge Lipp dismissed Counts 2 and 3 as moot. Subsequently, Appellee voluntarily dismissed Count 4 pursuant to the settlement agreement. Therefore, Count 1 is the only issue on appeal.

5

(2007); *Emmett,* 532 F.3d at 297. A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. *Celotex Corp.*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Id*. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence in order to show the existence of a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Celotex Corp.*, 477 U.S. at 324. "A mere scintilla of proof, however, will not suffice to prevent summary judgment." *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249-50. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*. (citations omitted).

**III. Analysis**

    **A. Defalcation by a Fiduciary**

Pursuant to 11 U.S.C. § 523(a)(4), a debt for "defalcation while acting in a fiduciary capacity" is non-dischargeable. A defalcation is the failure to meet an obligation or a non-fraudulent default. *Rwanda v. Uwimana*, 274 F.3d 806, 811 (4th Cir. 2001)(*citing* Black's Law Dictionary 427 (7th ed. 1999)). For

6

purposes of the dischargeability exception, a defalcation does not need to "rise to the level of embezzlement or even misappropriation." *Id*. Rather, "negligence or even an innocent mistake that results in misappropriation or failure to account is sufficient." *Id*.

Fiduciaries include administrators, guardians, executors, and public officers. *In Re Scott*, 203 B.R. 590, 596 (Bkrtcy. E.D.Va. 1996). "The fundamental duty of a guardian of property is to preserve the property in the guardianship estate for the benefit of the ward and other persons with an interest in that property." *Seaboard Sur. Co. v. Boney*, 135 Md. App. 99, 112 (2000). A guardian has a "sacred responsibility" to protect those who cannot care for themselves, whether due to illness or other disability. *Id*. at 113.

Appellant argues that the bankruptcy court erred in granting partial summary judgment in favor of Appellee because there was a factual dispute as to whether he committed a defalcation by misappropriating assets for his own use. First, Appellant asserts that his father consented freely to transfer money to him and that the gifts that Appellant paid to himself were with his father's permission. (Paper 3, at 11). Appellee contends that Appellant's argument is unsupported by any reference to the record, and is thus without merit. (Paper 6, at 12). Moreover, Appellee argues that Appellant's contention is undermined by his own affidavit, where he

stated that he attempted to transfer his father's funds to himself on the advice of his attorney. (Paper 6, at 12).

First, regardless of whether Appellant's father gave Appellant permission to take some of the guardianship estate as a gift, Appellant's role as guardian required that he account for all disbursements that he made. *See* Md. Code Ann., Est. & Trusts, § 13-209; *Green v. Lombard*, 28 Md.App. 1,8 (1975) (finding that guardian's failure to keep comprehensive and accurate financial records constituted a violation of fiduciary duty). As the guardian of his father's property, Appellant was clearly a fiduciary who was held to a "sacred responsibility" to oversee his father's estate. *See Seabord Sur. Co*, 135 Md. App. at 112; Md. Code Ann., Est. & Trusts, § 13-213 (noting that guardians have the power of a fiduciary). Once it is established that Appellant is a fiduciary to whom funds were entrusted, the burden shifted to Appellant to account fully for all funds that he received for the benefit of the beneficiary. *Caldwell v. Hanes*, 214 B.R. 786, 813-14 (E.D.Va. 1997)(internal citations omitted); *see also In re Manzo*, 106 B.R. 69, 72-73 (Bankr.E.D.Pa.1989) ("Once the plaintiff establishes that the trust res was delivered to the fiduciary, the burden shifts to the debtor to show that no defalcation occurred."). Appellant must present evidence that he complied with the fiduciary duties with respect to all transactions. *Id*. Appellant has not met this burden. The only relevant evidence that

8

Appellant has submitted is his own affidavit, which fails to account for the guardianship assets with any specificity.

Second, Appellant claims that the bankruptcy court should not have granted partial summary judgment because Maryland's statutory provisions do not require a guardian to acquire court approval before obtaining gifts from the guardianship account. (Paper 3, at 12). Md. Code. Ann., Est. & Trusts § 13-203(c)(2)(i) states:

> (c)(1) Except for the limitations contained in § 13-106 of this title, after appointment of the guardian, the court has all the powers over the property of the minor or disabled person that the person could exercise if not disabled or a minor.
>
> (2) The powers that a circuit court has under paragraph (1) of this subsection includes the power to authorize or direct the guardian to:
>
> (i) Make gifts from the principal and income of the estate. . . .

Appellant argues that this provision merely gives the court <u>authority</u> to approve gifts, but does not <u>mandate</u> that gifts be approved by the court. (Paper 3, at 12). Appellee, conversely, argues that the governing statutes support the view that prior court approval for gifts is in fact required. (Paper 6, at 26). Appellee compares the language of § 13-203(c)(2)(i) stated above with Md. Code. Ann., Est. & Trusts § 13-214(b)(1), which lists the disbursements that a guardian can make without court authorization. (Paper 6, at 26). Section 13-214(b)(1) states, in relevant part:

> (2) A guardian of a disabled person may pay or apply income and principal from the estate as

9

> needed for the clothing, support, care, protection, welfare, and rehabilitation of the disabled person.

Appellee points out that gifts, notably, are not included on the list of permissible disbursements. Appellee suggests that this language, combined with the authority given to the circuit court under § 13-203(c)(2) to direct or authorize the guardian to make gifts from the guardianship account, make clear that a guardian must obtain court approval before taking gifts from the guardianship estate.

The bankruptcy court concluded that Appellant "would have had to have gained approval for – to receive the funds to – to himself. And he's admitted that they've gone to himself." (Paper 1, #48, Tr. at 36). That legal finding is correct. Although § 13-203 (c)(2) is couched as authorizing the court to approve certain disbursements, the section authorizing a fiduciary to make disbursements without court approval does not include making gifts. Thus, Maryland law does not authorize a fiduciary to make a gift, particularly to the fiduciary himself, without court approval. Moreover, even if court approval was not needed, the fact remains that Appellant did not properly account for the disbursements that he made.

Finally, Appellant raises several arguments that he did not originally present to the bankruptcy court. These arguments include: (1) the order appointing Appellant as the guardian of his

10

father's property gave his father the right to direct Appellant to transfer funds to himself, (2) Mr. McCarthy breached the court's order by failing first to file his report with the court, and (3) to the extent that Appellee suffered a loss, Mr. McCarthy is solely responsible in his capacity as successor guardian.

An appellate court will ordinarily not consider issues raised for the first time on appeal. *United States v. Barge Shamrock*, 635 F.2d 1108, 1111 (4th Cir. 1980). However, if failing to consider the issue on appeal would result in a denial of fundamental justice, a court may decide on the issue even if it was not initially raised in the lower court. *Id*. Appellant had ample opportunity to raise all viable arguments at the bankruptcy hearing. However, even when analyzing the additional arguments that Appellant has presented, these arguments are without merit.

Appellant argues that the consent order appointing him as guardian gave his father the right to direct Appellant to transfer funds to himself. It is true that the consent order gave Appellant's father the right to "undertake appropriate estate planning" and to "make arrangements to handle his personal affairs." However, as a guardian, Appellant still bore the burden of accounting fully for all funds in the guardianship estate. *Caldwell*, 214 B.R. at 813.

Appellant argues next that Mr. McCarthy breached the court order by failing first to file his report with the court.

11

Appellant's contention has no merit. The circuit court issued an order requesting Mr. McCarthy to file a report with the court within 90 days of the date of the order, or March 9, 2006. Mr. McCarthy filed his report with the court on February 21, 2006, well within the 90 day time frame.

Finally, Appellant argues that Mr. McCarthy is responsible for repayment of the debt because he is now the successor guardian of Joseph Schek's property and has sole control over his father's assets. The fact that Mr. McCarthy is serving as the successor guardian does not extinguish Appellant's responsibility to repay the debt that he owes. Indeed, Appellant executed a Promissory Note <u>expressly agreeing</u> to repay Appellee $400,000 plus additional expenses and attorney's fees that Appellee had incurred.

Once a party has filed a motion for summary judgment, the opposing party has the burden of showing that a genuine dispute exists. *Hooven-Lewis v. Caldera*, 249 F.3d 259 (4th Cir. 2001). Appellant has failed to meet his burden. The circuit court Trust Clerk, Mr. McCarthy, and Mr. Roche all concluded that Appellant had failed to account for the guardianship assets and presented detail reports to that effect. Appellant stated several times in his answers to interrogatories that he had could not recall the payments that he made or the amount of assets entrusted to him without referring to specific documents. Furthermore, Judge Lipp pointed out that Appellant made no attempt to account for his

12

father's funds and that based on the record, Appellant did not have the ability to account for his disbursements. Taken together, there is no genuine dispute of fact as to whether Appellant properly accounted for his father's assets, at least up to $400,000. It is irrelevant whether Appellant acted fraudulently, since Appellant remains liable for defalcation even if he made an innocent mistake in managing the guardianship estate. *Rwanda*, 274 F.3d at 811. Therefore, the bankruptcy court's order granting partial summary judgment to Appellee will be affirmed.

**IV. Conclusion**

For the foregoing reasons, the order of the U.S. Bankruptcy Court for the District of Maryland will be affirmed. A separate order will follow.

                                        _____/s/_____
                                        DEBORAH K. CHASANOW
                                        United States District Judge

13